IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM A. JOHNSON AND GERARD PATRICK ROELING, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | § § § § § | |
| *Plaintiffs,* | § § | |
| V. | § § | Civ. No. 1:13-cv-172 |
| DELL, INC., | § § | JURY DEMANDED |
| *Defendant.* | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs William A. Johnson ("Johnson") and Gerard Patrick Roeling ("Roeling"), on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), file this Original Complaint against Dell, Inc. ("Dell"), and would show as follows:

## I.  PRELIMINARY STATEMENT

1.      This lawsuit seeks damages against Dell for violations of the Fair Labor Standards Act ("FLSA"), as amended (29 U.S.C. § 201- *et. seq.*).  Specifically, Plaintiffs allege that Dell violated the FLSA by unlawfully failing to pay After-Point-of-Sale ("APOS") Representatives for all hours worked, and failing to include Plaintiffs' non-discretionary bonuses and commissions into Plaintiffs' regular rate of pay.  Plaintiffs seek to recover unpaid wages, unpaid overtime wages, statutory liquidated damages, and attorneys' fees.  Moreover, Plaintiffs seek to certify this matter as a collective action under the FLSA.

## II.  PARTIES

2.      Plaintiff William A. Johnson is an individual residing in Leander, Texas.  Johnson is a former APOS Representative for Dell.

3.      Plaintiff Gerard Patrick Roeling is an individual residing in Round Rock, Texas. Roeling is a former APOS Representative for Dell.

4.      Defendant Dell, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Round Rock, Texas.  It may be served through its registered agent for service of process, Corporation Service Company d/b/a CSC – Lawyers Incorporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III.      JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated."

6.      Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### IV.      FACTUAL ALLEGATIONS

7.      At all times hereinafter mentioned, Dell has been an employer and enterprise engaged in commerce within the meaning of the FLSA.  Dell has employees engaged in interstate commerce.  Dell has an annual gross volume of sales made or business done of not less than $500,000.00.  In addition, at all times hereinafter mentioned, Plaintiffs were engaged in commerce as required by 29 U.S.C. §§ 206-207.

8.      Dell sells computers, servers, monitors, and other technology-related products.  In addition, Dell sells warranties on these products through its After-Point-of-Sale Warranty

Department.  Plaintiffs are all former APOS Sales Representatives, and all performed the same duties and responsibilities for Dell—namely, selling APOS warranties to resellers.

      9.     As APOS Sales Representatives, Plaintiffs did not:

      (a) manage an enterprise or a recognized department or subdivision of Dell;

      (b) direct the work of two or more employees;

      (c) have the authority to hire or fire other employees, nor were their suggestions and recommendations concerning hiring, firing, advancement, promotion or any other change of status of other employees given particular weight;

      (d) perform office or non-manual work directly related to the management or general business operations of Dell or Dell's customers;

      (e) exercise discretion or independent judgment with respect to matters of significance; or

      (f) customarily or regularly engage away from Dell's place or places of business in performing their primary duty.

      10.    Moreover, APOS Sales Representatives do not work in a retail or service establishment, and they do not derive more than half of their compensation from commissions on goods or services.

      11.    Based on these duties and responsibilities, Dell's APOS Sales Representatives are clearly not exempt from the requirements of the FLSA.  Indeed, Dell treats APOS Sales Representatives as not exempt from the FLSA.

      12.    Dell has a policy prohibiting APOS Sales Representatives from working more than forty hours a week without prior approval.  While limiting APOS Sales Representatives from recording more than forty hours a week, Dell has a common policy or scheme of requiring APOS Sales Representatives to maintain a level of productivity that cannot be achieved in forty hours a week.  As a result, APOS Sales Representatives routinely work off-the-clock, which, as a

common policy or scheme, is encouraged by Dell's management.  Dell's management knew or should have known that its APOS Sales Representatives were and are working off-the-clock.

13.     Notably, Plaintiff Johnson and other APOS Sales Representatives complained to Dell's Management that APOS Sales Representatives work off-the-clock.  Specifically, Plaintiff Johnson complained to his supervisor, Denise Rebaudo, about working off-the-clock.   Other APOS Sales Representatives also complained to Ms. Rebaudo, Dell Supervisors Greg Hoskins and Bruce Kipperman, and Dell's Human Resources Department.  Dell's supervisors and Human Resource Department ignored the complaints, and continue to encourage and allow APOS Sales Representatives to work off-the-clock.

14.     When Dell does pay APOS Sales Representatives overtime, it has a common policy or scheme of unlawfully failing to include their non-discretionary bonuses and commissions into the APOS Sales Representatives' regular rates of pay when calculating overtime, which is a violation of the FLSA.  *See* 29 C.F.R. § 778.500(a).

15.     Dell's acts violate the FLSA, which prohibits the denial of payment of minimum wage for all hours worked and prohibits the denial of overtime compensation for hours worked in excess of forty per workweek.  As described above, Dell willfully violated Plaintiffs' right to minimum wage and overtime compensation guaranteed under the FLSA.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION: FLSA – OVERTIME WAGES

16.     The preceding paragraphs are incorporated herein for all purposes.

17.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq*., and the supporting federal regulations, apply to Dell and protect Plaintiffs and the putative class members.

18.     Dell has failed to pay Plaintiffs and the putative class members overtime wages at time and a half for hours that they worked over 40 hours in a work week.  Further, Dell unlawfully calculated Plaintiffs' and the putative class members' regular rates of pay by failing to include non-discretionary bonuses and commissions.

19.     As a result of Dell's unlawful acts, Plaintiffs and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

20.     Dell's unlawful conduct has been willful and intentional.  Dell was aware or should have been aware that the practices described herein are unlawful.  Dell has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the putative class members.

21.     Because Dell's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION: FLSA – RECORDKEEPING VIOLATIONS**

22.     The preceding paragraphs are incorporated herein for all purposes.

23.     Dell failed to make, keep, and preserve accurate records with respect to Plaintiffs and other APOS Sales Representatives, including hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations.

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

24.     Pursuant to Section 16(b) of the FLSA, Plaintiffs brings this Complaint as a collective action, on behalf of themselves and all persons similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by

Plaintiffs' counsel, such persons making claims under the FLSA for the three years preceding the filing of this Complaint or the filing with the Court of each such person's written consent to joinder until entry of judgment after trial.

25.    Dell has a common policy or scheme of misclassifying APOS Sales Representatives as exempt from the FLSA.  As a result of this common policy or scheme, Dell wrongfully denied APOS Sales Representatives of overtime for all hours worked in excess of forty in a workweek.  Further, Dell had a common policy or scheme of not including APOS Sales Representatives' nondiscretionary bonuses and commissions in their regular rate of pay. Therefore, the Court should certify a collective action of all current and former APOS Sales Representatives employed by Dell at any time during the three years preceding the filing of this Original Petition.  Plaintiffs are informed and believe, and based thereon, allege that there are other FLSA class members who could "opt-in" to this class, the actual number of FLSA class members is readily ascertainable by a review of Dell's records through appropriate discovery, and Plaintiffs propose to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## **PRAYER**

26.    Plaintiff prays for judgment against Dell as follows:

(a) actual and liquidated damages for unpaid overtime wages the under the Fair Labor Standards Acts;

(b) liquidated damages as provided by the Fair Labor Standards Act;

(c) reasonable attorney's fees under the Fair Labor Standard Act;

(d) pre-judgment and post-judgment interest as provided by law;

(e) all costs of court;

(f) certification of this matter as a collective action; and

(g) any other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Lawrence Morales II
Lawrence Morales II
State Bar No. 24051077
**THE MORALES FIRM, P.C.**
115 E. Travis, Suite 1530
San Antonio, Texas 78205
Telephone No. (210) 225-0811
Facsimile No. (210) 225-0821
lawrence@themoralesfirm.com

***ATTORNEY FOR PLAINTIFFS***